**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Christopher Goff, | No. CV-25-04385-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| ALK Asphalt LLC, et al., | |
| Defendants. | |

Plaintiff Ryan Christopher Goff filed a complaint and an application to proceed in forma pauperis. (Docs. 1, 3.) The application is granted but the complaint is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B) (court should dismiss in forma pauperis complaint that does not state claim for relief).

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Beyond alleging sufficient facts, a complaint must also be based on a viable underlying legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The caption of Goff's complaint lists twelve entities and individuals including an

Case 2:25-cv-04385-KML    Document 6    Filed 12/01/25    Page 2 of 3

asphalt company, a member of the city council, the State Bar of Arizona, and a state court judge. The body of the complaint does not provide any information regarding what each defendant did that prompted Goff to file this suit. In fact, the complaint does not at all even approximate a normal complaint. Rather, Goff's complaint identifies itself as an "Oversight Submission" that he is "tender[ing] to federal authorities vested with the responsibility to safeguard constitutional rights, enforce federal supremacy, investigate public corruption, and ensure equal access to justice for disabled citizens and federally authorized practitioners." (Doc. 1 at 2.) The complaint "formally invokes the oversight" of, among other entities, the United States Department of Justice, the Federal Bureau of Investigation, the Arizona Attorney General, and the United States Congress. (Doc. 1 at 2.)

Based on the contents of the complaint, it appears Goff is not attempting to sue the defendants listed in the caption but rather requesting that other governmental bodies investigate those defendants. For example, Goff alleges some defendants allegedly "[o]pened a [unauthorized practice of law] investigation" and took other actions based on Goff engaging in "federally authorized legal work." (Doc. 1 at 7.) Goff believes those actions, and others, "trigger[] mandatory federal criminal review." (Doc. 1 at 10.)

Goff's complaint repeatedly and explicitly requests relief in the form of requiring "federal authorities" begin investigations and presumably prosecutions. But "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). This means a private citizen such as Goff "lacks standing to compel an investigation or prosecution" of others. *Tia v. Crim. Investigation Demanded as Set Forth*, 441 F. App'x 457, 458 (9th Cir. 2011). Because Goff does not have standing to seek the relief he desires, his complaint is dismissed for lack of jurisdiction. Based on what Goff says he hoped to obtain by filing this suit, leave to amend would be futile. *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[I]t is today beyond all reasonable doubt that [t]he prosecution of violations of federal criminal law in federal court is a function of the federal government, not private parties.").

- 2 -

Accordingly,

**IT IS ORDERED** the Application (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

Dated this 1st day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge